UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

DREW G. ABBOTT,                                )
                                               )
           Petitioner,                         )
                                               )
v.                                             )  1:12-cv-00037-DBH
                                               )
SCOTT BURNHEIMER,                              )
                                               )
           Respondent                          )

**RECOMMENDED DECISION ON 28 U.S.C. § 2254 PETITION**

On May 27, 2008, Drew Abbott was sentenced to fifteen years imprisonment in the

custody of Maine Department of Corrections, with all but seven years suspended, to be followed

by six years of probation with special conditions based upon his conviction for one count of

gross sexual assault.   Abbott has filed a petition in this Court pursuant to 28 U.S.C. § 2254,

alleging the following four grounds of  ineffective assistance of counsel:

> Ground One: Counsel failed to investigate a lack of medical evidence to support
> the sexual abuse allegations and counsel failed to object during the prosecutor's
> closing arguments;
>
> Ground Two:  Counsel failed to interview obvious defenses witnesses, failed to
> hire a private investigator to develop mitigating evidence, and failed to develop
> impeachment evidence;
>
> Ground Three:  Counsel failed to introduce exculpatory evidence in the form of
> private investigator reports and medical records and counsel failed to consult
> experts and conduct research regarding their reports;
>
> Ground Four:  Trial counsel lacked experience and failed to call important fact
> witnesses at trial, failed to prepare a defense, and failed to call a medical expert.

The State has filed a response to the petition, claiming that Abbott failed to exhaust some of the

grounds raised in this petition and that other claims of ineffective assistance were properly

denied during state post-conviction proceedings.  Abbott did not file a reply and his initial

pleadings contain little in the way of factual development to flesh out the barebones grounds he

alleges in his amended petition.[1]  I now recommend that the Court deny the petition.

### PROCEDURAL BACKGROUND

Abbott was indicted in March 2006, in a one-count indictment alleging that on or about

September 29, 2005, he engaged in a sexual act with an adult female acquaintance and that the

female had submitted as a result of compulsion, essentially a charge of forcible rape.  Abbott was

found partially indigent and was represented by court-appointed counsel with a requirement of

reimbursement for a portion of the attorney fees.  His three-day jury trial commenced on January

10, 2008, resulting in a jury verdict finding him guilty as charged.  Abbott remained in the

community on an unsecured bond through his sentencing on May 27, 2008.  Abbott filed a direct

appeal and a request for leave to file a discretionary appeal of sentence.  His leave to take a

discretionary sentence appeal was denied on January 2, 2009, and his direct appeal was denied

on March 4, 2009.  Thereafter, Abbott commenced post-conviction proceedings in the state court

on June 3, 2009.  On February 22, 2011, the same justice who presided at the trial denied

Abbott's petition for post-conviction relief following an evidentiary hearing.  On August 22,

2011, the Law Court denied a certificate of probable cause allowing an appeal of the post-

conviction judgment.  This petition followed.

The grounds Abbott raised in his direct appeal and his post-conviction proceedings are

worth noting in some detail because they bear little resemblance to some of the grounds he has

seemingly attempted to raise in this federal habeas petition.  On direct appeal to the Maine

Supreme Judicial Court, Abbott claimed that the prosecutor's comments during closing argument

---

[1]       The amended petition is virtually identical to the original petition, except that Abbot clarified that the
proper respondent was Scott Burnheimer, as suggested in my text order of January 31, 2012 (Doc. No. 3).

were obvious error and that the victim's testimony, which he claimed was uncorroborated, was insufficient to sustain a verdict of guilty.  (State Court Record § B.2:  Appellant's Brief at 7:  <u>State v. Abbot</u>, No. ARO-08-345.)[2]  The Court rejected both arguments.  (Record § B.3:  Mem. Dec. 09-36 (Mar. 3, 2009).)  In his amended petition for post-conviction relief, Abbott alleged the following grounds:

> (1) Ineffective assistance of counsel in failing to conduct an adequate pretrial investigation, including failure to investigate Abbott's medical history;
>
> (2) Ineffective assistance at trial in failing to present medical witnesses to challenge the medical evidence presented about the rape protocol physical examination performed on the victim and in failing to object to prejudicial closing arguments by the prosecutor;
>
> (3) Ineffective assistance at sentencing in that counsel failed to present mitigating evidence and failed to properly investigate and prepare character witnesses who did testify;
>
> (4) Ineffective assistance on appeal because counsel failed to raise all viable issues.

(Record § C.3:  Am. Pet. at ¶¶ 2-5:  <u>Abbott v. State</u>, No. CR-09-289 (Me. Super. Ct., Aro. Cty.) (Hunter, J.).)  By the time of evidentiary hearing on the post-conviction, those issues had been narrowed to primarily an allegation that the failure to call Dr. Janice Lee, a physician who had seen Abbott regarding a shoulder injury approximately two weeks prior to the incident, constituted ineffective assistance of counsel.  Abbott's post-conviction counsel also argued that trial counsel was ineffective at sentencing because he did not properly advise Abbott's father, a character witness, that it would not be a good idea to blame the victim during his presentation to the sentencing judge and because he did not call Steven Archer who would have been a cumulative character witness to testify that Abbott was a "good person."  Abbott also argued that it was ineffective assistance to fail to object to the prosecutor's closing argument and to fail to

---

[2]    Defendant filed the state court record on February 17, 2012, as an attachment to its Answer/Request for Dismissal (Doc. No. 10).  The record is contained in a single bound (non-electronic) volume.

object to the rape protocol report and to fail to object to undeveloped discovery violations. (Record § C.5:  Pet.'s Closing Argument and Mem.)  The post-conviction court found that these last three arguments were not sufficiently developed on the factual record to warrant serious consideration.  (Record § C.6:  Order on Pet. for Post Conviction Review.)  Post-conviction counsel's petition for a certificate of probable cause to appeal the denial of his post-conviction petition was a reprise of these same grounds and was denied by the Law Court.  (Record § D.2 (Appellant's Mem.);  § D.3 (S.J.C. Order, Aug. 19, 2011):  Abbott v. State, No. ARO-11-190.)

## LEGAL STANDARDS

To succeed on a claim of ineffective assistance of counsel in the context of 28 U.S.C. § 2254 review, Abbott "must show both deficient performance by counsel and resulting prejudice." Tevlin v. Spencer, 621 F.3d 59, 66 (1st Cir. 2010) (citing Strickland v. Washington, 466 U.S. 668, 687 (1984)).  The deficient performance aspect of the section 2254 burden requires Abbott to demonstrate that counsel's conduct in his case "fell below an objective standard of reasonableness." Id. (quoting Strickland, 466 U.S. at 688).  This standard is highly tolerant of defense counsel's strategic choices.  "There is a 'strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance,'" Id. (quoting Strickland, 466 U.S. 689), and Abbott carries the burden of defeating the presumption that the decisions of his attorney of which he complains might be a "sound trial strategy" given professional norms.  Id. What is more, for Abbott to satisfy the Strickland "prejudice" element, he must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  Id. (quoting Porter v. McCollum, 130 S. Ct. 447, 453 (2009) (per curiam)).

In this case, because the Maine Supreme Judicial Court denied a certificate of probable cause for an appeal of the post-conviction court's judgment, the final judgment of the state court on the claims of ineffective assistance of counsel is the February 22, 2011, decision of the state superior court justice. (Record § C.6.) This section 2254 petition cannot be granted unless that state court decision was: (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or (2) was "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). A state court's decision is "contrary to" clearly established federal law if it "applies a rule that contradicts the governing law set forth in [Supreme Court] cases" or "confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [Supreme Court] precedent." Williams v. Taylor, 529 U.S. 362, 405-406 (2000). By comparison, the "unreasonable application" clause of section 2254(d) applies when "the state court identifies the correct governing legal principle from [Supreme Court] cases but unreasonably applies it to the facts of the particular state prisoner's case." Id. at 407. It also applies when the state court "either unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." Id.

"[A]n unreasonable application of federal law is different from an incorrect application of federal law." Id. at 410. The import of this distinction is that "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously . . . Rather, that application must also be unreasonable." Id. at 411. See also Renico v. Lett, 130 S. Ct. 1855,

1862 (2010) (emphasizing that the state court decision "must be 'objectively unreasonable'") (quoting Williams, 529 U.S. at 409).

The Antiterrorism and Effective Death Penalty Act of 1996 also sets out a separate and demanding standard applicable to review of a state court's factual findings.  Pike v. Guarino, 492 F.3d 61, 68-70 (1st Cir. 2007).  The state court's factual findings are "presumed to be correct," unless the petitioner can rebut the presumption with "clear and convincing evidence."  28 U.S.C. § 2254(e)(1).

Yet another aspect of federal habeas review of state court decisions involves section 2254(b)(1)(A), which requires that a section 2254 petitioner exhaust "the remedies available in the courts of the State" prior to applying for federal habeas relief.  The United States Supreme Court has explained the impact of the exhaustion requirement in the following way:

> Before seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies, 28 U.S.C. § 2254(b)(1), thereby giving the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights.  To provide the State with the necessary opportunity, the prisoner must fairly present his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim.

Baldwin v. Reese, 541 U.S. 27, 29 (2004) (internal quotation marks and citations omitted).

## DISCUSSION

The State concedes that the following claims were fully exhausted by Abbott in the state courts:  (1) counsel's failure to present Dr. Lee's testimony;  (2) counsel's failure to prepare and call character witnesses at sentencing;  (3) counsel's failure to object to the State's closing argument;  and (4) counsel's failure to appeal the admission of evidence from a sexual assault examination.  (Respondent's Mot. to Dismiss at 5, Doc. No. 10.)   Abbott has not provided any suggestion that he exhausted any other claim in the state courts.  His submission in this Court is

devoid of factual content other than his references to the relevant decisions from the state court. I therefore conclude, as has the State, that the other claims set forth in this petition have never been developed in the state court and are therefore not exhausted and not subject to review in this Court. <u>Dutil v. Murphy</u>, 550 F.3d 154, 158 (1st Cir. 2008) ("A claim for habeas corpus relief has been exhausted where the claim has been 'fairly presented' to the state courts.") (quoting <u>Reese</u>, 541 U.S. at 29). Abbott has simply not presented this Court with any factual information that would explain the nature of the grounds raised in the federal petition beyond the four claims identified by the State and discussed below.

## 1.    *Failure to Present Dr. Lee's Testimony*

Dr. Lee, a physician who examined Abbott's shoulder injury about two weeks prior to the sexual assault incident, testified about her examination during the evidentiary hearing held in the Superior Court. The post-conviction court noted that Abbott's primary contention was that because of his prior shoulder injury, he was not physically capable of engaging in the kind of physical activity described by the victim, including lifting her from the floor onto a bed and pinning her down to engage in the sexual act. The post-conviction court viewed Dr. Lee's testimony as "weak" and observed that her initial response when confronted with a hypothetical question about certain physical capabilities on the part of Abbott was "the substantial equivalent of an 'I don't know' answer." (Record § C.6: Order on Petition for Post Conviction Review at 5.) The presiding justice found that the failure to call Dr. Lee was not deficient performance by counsel and did not satisfy the "performance" prong of the ineffective assistance of counsel standard. (<u>Id.</u>) The justice also concluded that the failure to call Dr. Lee did not deprive Abbott of a substantial ground of defense because Abbott's own trial testimony regarding consensual intercourse "belies his argument that he lacked the ability to engage in significant physical

7

activity." (Id. at 6.)  In fact, in his testimony at trial, Abbot described carrying the victim into the

bedroom. (Record § A.3:  Trial Transcript at 118, 151.)  Thus, the justice concluded that the

failure to call Dr. Lee did not prejudice the defense.  The justice's factual findings regarding the

doctor's response and Abbotts's own testimony about picking the victim up from the floor are

not only presumptively correct, but are in fact correct.  The justice's factual findings have not

been negated by clear and convincing evidence.  Nor can it be said that the justice's application

of both prongs of the <u>Strickland</u> standard to these facts was unreasonable.

**2.**     ***The Failure to Call or Properly Prepare Witnesses for the Sentencing Hearing***

Steven Archer, a longtime friend of Abbott, was called as a witness at the post-conviction

evidentiary hearing to testify that he was available as a witness the day of the sentencing and

would have testified that Abbott was a good person. (Record § C.6:  Post Conviction Order at

7).  The presiding justice, who was also the judge who imposed the sentence, found that Archer's

testimony would have been cumulative to the testimony of two other character witnesses, both

female, who did testify at the hearing.  (Id.)  Clearly counsel made a strategic choice to present

the two female character witnesses, along with Abbott's father.  The justice's conclusion that

there was no prejudice to Abbott's case in excluding the additional character witness is really

unassailable under the applicable legal standard.  Additionally, Archer's testimony at the post-

conviction evidentiary hearing revealed that he had little additional to say.

Abbott also complains that his attorney did not prepare his father prior to the elder Abbott

making a presentation on behalf of his son at the sentencing.  Alfred Abbott's statement is found

at pages thirteen and fourteen of the transcript of the May 27, 2008, sentencing hearing (Record

§ A.4).  The elder Abbott spoke for no more than a minute and during that time he described his

son as a "good boy" who had been "brought up right."  Abbott did launch an attack on the

victim, complaining that she had been interested in Drew since they were fourteen years old and
went to the movies together, supporting petitioner's claim that the sexual intercourse had been
consensual.  However, there is no indication that the sentencing judge considered those
statements as aggravating factors.  In fact, his decision on the post-conviction petition
specifically disavowed any reliance on the elder Abbott's statement, noting that "it is not all
uncommon for family members of one convicted of a serious crime to engage in denial or to lose
control of their emotions and say things that are not helpful."  (Record § C.6:  Order on Petition
for Post Conviction Review at 7.)  The sentencing judge relied much more heavily on the
petitioner's failure to express remorse or to accept responsibility as an aggravating factor.  (Id.;
see also Record § A.4:  Sentencing Transcript at 23.)  As with the claim involving Dr. Lee, there
is nothing inappropriate about the state court's conclusions when measured against the applicable
legal standard.

### 3.        *Failure to Object to State's Closing Argument*

The post-conviction justice was dismissive of this ground, claiming "[t]he petitioner
contends his attorney failed him on appeal by not objecting to the State's closing argument.
However, he does not point out to the court exactly what aspect of the argument warrants an
objection."  (Order at 8.)  The post-conviction justice went on to note that he had reviewed the
transcript and did not find anything the prosecutor had said to be objectionable.  A cursory
review of the complete record reveals that this ineffective assistance argument was obviously
intended as a reprise of the argument raised during the direct appeal.

In his direct appeal, Abbott's counsel argued that it was improper for the prosecutor to
argue that defendant's testimony regarding the consensual nature of the sexual behavior was
simply associated with Abbott's desire to be "out of trouble," citing state precedent.  (Record §

9

A.3:  Trial Transcript at 212;  Record § B.2:  Appellant's Brief at 7-8.)  According to then-appellant's brief, this comment constituted serious, obvious error requiring reversal of the conviction because of the unspoken inference that the prosecutor held the belief that the defendant was lying.  In its Memorandum of Decision on direct appeal, the Law Court concluded that the statement, "was not 'so highly prejudicial . . . as virtually to deprive [Abbott] of a fair trial.'"  (Record § B.3:  Mem. Dec. 09-36 (quoting State v. Stanton, 1998 ME 85, ¶ 11, 710 A.2d 240, 244).)  The question of improper prosecutorial comment was addressed by the United States Supreme Court in Donnelly v. DeChristoforo, 416 U.S. 637 (1974).  The Court stated in Donnelly that improper remarks by a prosecutor could at some point "so infect[] the trial with unfairness as to make the resulting conviction a denial of due process." Id., at 643.

Neither the Law Court's decision in the direct appeal nor the post-conviction court's consideration of the ineffective assistance claim can be viewed as "contrary to" or an "unreasonable application of" the line of Supreme Court cases represented by Donnelly.  Under 28 U.S.C. § 2254(d), this Court would have to find that counsel's failure to object to this unobjectionable closing argument was ineffective assistance of counsel and that the state court post-conviction justice's conclusion to the contrary was either contrary to, or an unreasonable application of, both the Strickland and Donnelly line of precedents from the United States Supreme Court.  No facts exist to support such a decision.

***4.***     ***Failure to Appeal the Admission of the Sexual Assault Exam Results***

Kathleen Parent, a registered nurse employed at Cary Medical Center, testified that she has been trained as a sexual assault nurse examiner (SANE) to provide comprehensive care to any sexual assault victim or patient who presents to the hospital emergency room.  She testified as to the observations made during her examination of the victim and provided some physical

observations to corroborate the claim that sexual intercourse had taken place in a forceful

manner.  (Record § A.3:  Trial Transcript at 136-210.)  As a preliminary matter, trial counsel

moved in limine to exclude the nurse's testimony because of a discovery violation and because

Abbott admitted that he and the victim engaged in sexual intercourse, arguing the corroboration

provided by the nurse concerning sexual intercourse would be unfairly prejudicial pursuant to

Rule 403 of the Maine Rules of Evidence.  The trial judge denied the motion on both grounds

and the nurse testified at length, on both direct and cross-examination, regarding her findings.

When counsel filed his appellate brief, he did not raise any challenge to this discretionary ruling

as a ground for his appeal.  During the state post-conviction process, counsel claimed that the

failure to raise this ground of appeal amounted to ineffective assistance of counsel.

The post-conviction justice noted that Abbott had raised issues about counsel's

ineffective assistance relating to "the SANE report and fail[ure] to object to discovery

violations." (Record § C.6:  Order on Petition for Post Conviction Review at 8.)  However, the

justice observed that Abbott "has not developed either point with sufficient analysis of the

factual history or of legal principles to enable the court to understand his point."  (Id.)  A review

of the relevant trial testimony shows that trial counsel raised these issues with the trial judge,

preserved his objection, and proceeded to deal with the testimony as it was admitted.  That he

chose not to pursue this particular issue on appeal does not raise a viable claim of ineffective

assistance of counsel.  At the post-conviction evidentiary hearing, Abbott's counsel did not

present the testimony of appellate counsel, so the record is devoid of evidence regarding the

thought process that went into formulating the issues pursued on appeal.  However, a review of

his brief on appeal confirms that he did raise a sufficiency of the evidence challenge in this "he

said, she said" case, and that he used the SANE examination itself as evidence that was

consistent with the occurrence of an uncompelled sexual act. (Record § B.2: Appellant's Brief at 9.) It therefore hardly seems to be ineffective assistance of counsel that he chose not to pursue his earlier objections to the admission of the testimony on appeal, especially in light of the fact that it seems highly improbable that the discretionary ruling allowing the admission of this relevant testimony would have been a winning issue on appeal.

### CONCLUSION

For the reasons stated above, I recommend that the Court deny Abbott relief under 28 U.S.C. § 2254, with prejudice, and dismiss the petition. I further recommend that a certificate of appealability should not issue in the event Abbott files a notice of appeal because there is no substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. § 2253(c).

### NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

April 27, 2012                                   /s/ Margaret J. Kravchuk
                                                 U.S. Magistrate Judge